CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
MAR 30 2016
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

PATRICIA ARNOLD,
    Plaintiff,
v().

CNU OF VIRGINIA, LLC
CNU OF KANSAS, LLC
D/B/A CASHNET USA,
    Defendants.

Case No.: 6:16CV00014

Jury Trial Demanded

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

Plaintiff, Ms. Patricia Arnold, by counsel, brings this action for damages to redress the violations of law by an online lender in extending purported "open-end" credit. The violations of law occurred when CNU of Virginia, LLC and CNU of Kansas, LLC d/b/a Cashnet USA (collectively "Cashnet" or "Defendant") made an illegal loan to Ms. Arnold and failed to disclose terms properly in the periodic statements.

This Complaint is filed and these proceedings are instituted under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, Consumer Finance Act ("CFA"), Va. Code Ann. § 6.2-1500, *et. seq.* for statutory, actual damages, attorney fees, costs because of the Defendants' violations of the consumer protection statutes and usury.

### PARTIES

1. Plaintiff, Ms. Arnold, is a natural person and resident of Lynchburg, Virginia.

2. Defendant, Cashnet, is incorporated in Delaware with its principal place of business at 175 W. Jackson Boulevard, Suite 1000, Chicago, IL 60604. The registered agent is Capitol Corporate Services, 10 S. Jefferson St., Suite 1400, Roanoke, VA 24011.

3. Cashnet is a subsidiary of Enova International, Inc., which boasted 2015 revenue of $652 million, which was achieved in part by imposing exorbitant interest rates

1

of 299% on small loans. See http://ir.enova.com/2016-02-04-Enova-Announces-Fourth-Quarter-and-Full-Year-2015-Results (last visited March 29, 2016).

4. Cashnet is in the business of regularly extending credit and making loans to consumers in Virginia.

5. At all times relevant hereto, in the ordinary course of business, Cashnet regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which is payable in more than four installments; and the debt is initially payable to Cashnet, making it a creditor within the meaning of the TILA, 15 U.S.C. § 1602(g) (2016) and 12 C.F.R. ("Reg. Z") § 1026.2(a)(17) (2016).

6. Cashnet extended the loan to Ms. Arnold for personal, family and household purposes.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 15 U.S.C. §§ 1640(e) and 28 U.S.C. § 1331 (2016).

8. This Court has supplemental jurisdiction over Ms. Arnold's state law claims pursuant to 28 U.S.C § 1367(a) (2016).

9. Venue is proper in the Western District of Virginia, Lynchburg Division under 28 U.S.C. § 1391(b) (2016).

## FACTS

10. In order to avoid usury laws and charge its triple digit interest for an indefinite period of time, Cashnet utilizes purported "open-end" agreements.

11. Ms. Arnold is a disabled veteran on a fixed income.

12. Ms. Arnold had financial difficulty and made the mistake of going online to Cashnet for a loan in October 2014.

13. Ms. Arnold was given two "advances" on a purported open-end line of credit totaling $600.
14. Ms. Arnold initially granted Cashnet the authority to debit her bank account for payments.
15. Ms. Arnold's account was immediately assessed "transaction fees" totaling $67.50, calculated as 15% of the amount of the advance.
16. For additional advances, the transaction fee was also immediately assessed.
17. The billing statements were provided around the beginning of each month and the payment due date was 15 days later. See attached Exhibit A.
18. At the time of the advance, Ms. Arnold was a resident of Virginia.
19. The funds were electronically deposited into Ms. Arnold's bank account and she banks at a branch in Virginia.
20. Defendants have no presence in Kansas or connection thereto.
21. Defendants are incorporated in Delaware.
22. Defendants are based in Chicago, with corporate parents operating in Illinois.
23. Defendants are not licensed to offer loans in Virginia.
24. Cashnet does not have a grace period prior to imposing finance charges.
25. Cashnet began issuing monthly billing statements with an interest rate of **299%**.
26. The monthly billing statements contained a section called "Transactions" in the middle of each statement.
27. Within the "Transactions" portion of the periodic statement it listed the payments, advances and transaction fees.
28. The section of the periodic statement labeled "Fees" was consistently left blank. See attached statement as Exhibit A.
29. After difficulty in making the payments and meeting her basic needs, Ms. Arnold withdrew her authorization for Cashnet to automatically debit her bank account.
30. Ms. Arnold withdrew the authorization by sending a letter by certified mail.

3

31. Ms. Arnold has paid over $2000 since the inception of the loan in October 2014 for multiple advances taken.

32. Cashnet still shows her balance outstanding of $893.79.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### Truth in Lending Act/Fair Credit Billing Act Violations

33. Paragraphs 1 - 32 are incorporated as if set forth fully herein.

34. The TILA requires that the creditor provide disclosures on the periodic statements and do so in a certain manner. 15 U.S.C. § 1637(b) (2016); Reg. Z § 1026.7(b) (2016).

35. The fees assessed during any period must be itemized together under the heading "Fees." Reg. Z § 1026.7(b)(6) (2015).

36. Cashnet did not itemize the Transaction fee under such a heading in the periodic statements.

37. The periodic statements mixed the advances, payments and fees together improperly.

38. The Fair Credit Billing Act ("FCBA") requires that Cashnet must provide that the periodic statements be mailed or delivered at least 21 days prior to the payment due date. 15 U.S.C. § 1666b (2016).

39. Cashnet's periodic statements were routinely provided only about 15 days prior to the payment due date, in violation of the FCBA.

40. Cashnet's TILA and FCBA violation entitles Ms. Arnold to actual damages, statutory damages and reasonable attorney fees. 15 U.S.C. § 1640(a) (2016).

### SECOND CAUSE OF ACTION

### Usury/Consumer Finance Act

41. Paragraphs 1 - 40 are incorporated as if set forth fully herein.

42. The loan between Cashnet and Ms. Arnold was for personal, household or other non-business purposes, and therefore was subject to the Small Loan Act, also known as the Consumer Finance Act ("CFA"), Va. Code Ann. § 6.2-1500, *et. seq.*

43. Pursuant to the CFA, persons extending loans within the CFA must comply with substantive regulations of the transaction and must be licensed with the Commissioner of the Bureau of Financial Institutions. Va. Code Ann. § 6.2-1501(A) (2010).

44. The loan transaction between Cashnet and Ms. Arnold is not exempt from the CFA.

45. Annual interest is capped at 12%, unless the lender meets a statutory exception. Va. Code Ann. § 6.2-1501 (2010) (incorporating by reference Va. Code Ann. § 6.2-303)

46. While a transaction under Virginia Code Section 6.2-312, as an open-end credit transaction is exempt from coverage of the CFA and the usury cap, the loan failed to satisfy open-end requirements. Va. Code Ann. §§ 6.2-1501, 6.2-312 (2010).

47. The law requires strict compliance with exceptions to the usury cap.

48. Open-end transactions may only impose finance charges or fees after a 25 day grace period. Va. Code Ann. § 6.2-312(A) (2010).

49. Cashnet immediately imposed a transaction fee and finance charges upon an advance of any amount.

50. Ms. Arnold was not given any opportunity to pay the balance and avoid the fee and finance charge.

51. Cashnet's failure to comply strictly with the open-end credit exemption renders the transaction subject to the interest rate cap of twelve percent (12%). See Va. Code Ann. § 6.2-1501 (LexisNexis 2010) (citing Va. Code Ann. § 6.2-303).

52. The loan accrued annual interest rate of two hundred ninety nine percent (299%), almost twenty-five (25) times the twelve percent (12%) annual interest limit found in the CFA. See Va. Code Ann. § 6.2-1501 (2010).

53. Cashnet's failure to comply with the substantive terms of the CFA and failure to be licensed renders the loan void and all payments are to be refunded to Ms. Arnold. Va. Code Ann. § 6.2-1541 (2010).

54. Cashnet's transaction was usurious and entitles Ms. Arnold to the total amount of excess interest paid, twice the total amount of interest paid in the preceding two years, court costs and a reasonable attorney fee. See Va. Code Ann. § 6.2-305 (2010).

## THIRD CAUSE OF ACTION

### Violation of Kansas Lending Laws

55. Paragraphs 1- 54 are incorporated as if set forth fully herein.
56. In the alternative to the application of Virginia consumer finance laws, the transaction between the parties violates Kansas law.
57. Defendant obtained a license in Kansas as a supervised loan licensee.
58. Defendant has no corporate presence or ties to Kansas.
59. Defendant operates in Illinois.
60. The licensing from Kansas is done merely as subterfuge and attempt to evade the consumer lending protections of Virginia and other states.
61. Defendant was limited to charging 15% annual interest unless it complied with Kansas law.
62. Defendant has not complied with Kansas law.
63. As a supervised loan licensee, Defendant is limited to making loans to Kansas residents. K.S.A. § 16a-1-201 (2015).
64. Ms. Arnold is not a resident of Kansas and never has been such a resident.
65. Ms. Arnold is entitled to the remedies set out in K.S.A. § 16a-5-201 et. seq.

6

## PRAYER FOR RELIEF

**WHEREFORE**, Patricia Arnold, by counsel, prays that this Court:

1. Assume jurisdiction of this case;

2. Award her statutory damages in an amount up to five thousand dollars ($5,000.00), in accordance with the Truth in Lending Act, 15 U.S.C. § 1640(a)(2)(A) for Cashnet's violations of the TILA;

3. Declare the transaction with Cashnet void and unenforceable;

4. Award actual and statutory damages pursuant to the usury laws and the Consumer Finance Act;

5. Award costs and actual damages under the Truth in Lending Act and the Fair Credit Billing Act;

6. If applicable, award damages and relief provided under Kansas law;

7. Award reasonable attorney's fee;

8. Ms. Arnold demands a trial by jury; and

9. Award such other relief as the Court deems appropriate.

Respectfully submitted,

PATRICIA ARNOLD
By Counsel

\_\_\_/s/ Jeremy P. White_____
Jeremy P. White, Esquire
Virginia Legal Aid Society, Inc.
PO Box 6200
513 Church Street
Lynchburg, VA 24505
Phone: 434.846.1326
Fax:   434.846.3826
SBN:   48917
jeremyw@vlas.org
Counsel for the Plaintiff